UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SPELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>NATALIE STONE, et al.,<br><br>　　　　　Respondents. | Case No. CV 19-5886 JGB(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION AND ACTION, DENYING REQUESTS FOR JUDICIAL NOTICE, AND DENYING A CERTIFICATE OF APPEALABILITY |

**I.　SUMMARY**

On July 9, 2019, petitioner Susan Spell, who is proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. §§ 2241, 2243, 2254 and 18 U.S.C. § 2265[1] ("Petition"), and a supporting declaration. On July 16, 2019, petitioner filed a "Memorandum of Points and Authorities in Support of Motion for Judicial Notice of Exhibits, etc." ("Memo"). On July 30, 2019, petitioner filed a "Notice of Motion and Motion for Judicial Notice, etc." ("Motion"). Petitioner has filed a number of declarations, affidavits and exhibits in support of the Petition as to which she requests that this Court take judicial

---

[1]Section 2265, which provides for full faith and credit for enforcement of protection orders issued in other jurisdictions, is inapplicable to these proceedings. See 18 U.S.C. § 2265.

1

notice and make certain factual/legal findings.  See Docket Nos. 7-10, 12-19.  The Court has read and considered the foregoing, and has taken all of the matters under submission without a hearing.  See Fed. R. Civ. P. 78; Local Rule 7-15; July 22, 2019 and August 5 Minute Orders.

Petitioner filed a prior habeas petition in Spell v. Stone, C.D. Cal. Case No. 19-2073 JGB(JC), purporting to challenge a 2016 juvenile dependency court order issued under California Welfare and Institutions Code section 300 (which provides for adjudication of a child to be a dependent child of the court), in Los Angeles County Superior Court Case No. DK02119 ("State Case").  On June 14, 2019, the Court summarily dismissed the prior petition without prejudice for lack of habeas jurisdiction and judgment was entered accordingly.  On July 31, 2019, petitioner filed, *pro se*, a civil rights complaint with this District in Spell and Evans v. County of Los Angeles, et al., C.D. Cal. Case No. 19-6652, challenging certain actions surrounding the 2016 juvenile dependency court order issued in the State Case.  The Court takes judicial notice of these proceedings.  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).[2]

Construing the Petition liberally, it appears that petitioner again is attempting to challenge the 2016 juvenile dependency court order issued in the State Case (and underlying proceedings), raising additional allegations of wrongdoing and framing the Petition as asserting a due process challenge to the sufficiency of the state court proceedings.  (Petition at 8-28; Memo at 1-2).

---

[2]Paragraph 49b of the civil rights complaint in Case No. 19-6652 reflects that petitioner's spouse's last name is VonSchlobohm.  The Court also takes judicial notice of the existence of the following other *pro se* civil rights case which appears to have been filed in this District by petitioner under her married name, was brought against some of the same defendants, similarly challenged certain actions relating to the State Case and was dismissed on January 18, 2019, and in which petitioner has multiple post-judgment motions pending: Susan S.E. VonSchlobohm v. County of Los Angeles, et al., Case No. 2:18-cv-04527.

Petitioner requests, *inter alia*, that this Court grant the writ and direct respondents to immediately release petitioner's minor children "from custody." (Petition at 29).

It plainly appears from the face of the Petition, including the exhibits that petitioner has filed, that the Court is without federal habeas jurisdiction to consider petitioner's claims. Accordingly, the Petition is dismissed without prejudice.

## II. DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by the Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). "The power of a federal habeas court 'lies to enforce the right of personal liberty.' As such, a habeas court 'has the power to release' a prisoner, but 'has no other power[.]'" Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) (citations omitted), cert. denied, 565 U.S. 1116 (2012); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("It is clear . . . that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[T]he writ of habeas corpus is limited to attacks upon the legality or duration of confinement.") (citation omitted).

Subject matter jurisdiction under 28 U.S.C. section 2254 is limited to those persons "in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2254(a). "Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider.'" Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (quoting Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999)).

///

Here, petitioner generally asserts that she is "in custody under color of authority of the State of California . . . in violation of the Constitution, laws or treaties of the United States." (Petition at 7). Petitioner claims that she was deprived of a liberty interest when her children were unlawfully removed and detained without due process. (Petition at 26-27). Petitioner also purports to be acting in these proceedings as a "next friend" on behalf of her minor children who have been removed from her custody and placed in the custody of their father. (Petition at 20-21). These allegations are insufficient to confer federal habeas jurisdiction.

First, it appears from the face of the Petition that petitioner herself is not confined. (Petition at 1, 7). Petitioner alleges no restraints upon her person other than that she assertedly is forcibly being prevented from being together with her minor children. To be in custody generally requires a restraint on liberty not experienced by the public generally. Bailey, 599 F.3d at 979. The termination of parental rights is not sufficient to satisfy Section 2254's "in custody" requirement. See Lehman v. Lycoming Cty. Childrens Servs. Agy., 458 U.S. 502, 511-12 (1982) (children who had been placed in foster homes pursuant to state court order were not in the "custody" of the State as that term is used to determine availability of the writ of habeas corpus – "federal habeas has never been available to challenge parental rights or child custody"; "The 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas. Ms. Lehman simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights.") (footnotes omitted). In light of this clear authority, the Court lacks federal habeas jurisdiction to consider petitioner's claims since she is not "in custody."

Petitioner cites to Nguyen Da Yen v. Kissinger, 528 F.2d 1194, 1201 (9th Cir. 1975), for the proposition that custodial restraints on a minor child are a

4

sufficient deprivation of liberty to be challenged by way of habeas corpus, and argues that a child's absence from a parent's legal custody is equivalent to illegal restraint on the child so as to confer federal habeas jurisdiction. (Petition at 21-22). Petitioner also argues, without citation to any authority, that the "overwhelming weight of applicable precedent clearly indicates that federal habeas corpus jurisdiction exists to challenge state child custody judgments." (Petition at 22). Petitioner's arguments are unavailing.

Nguyen Da Yen involved special and largely distinguishable circumstances – it was an action against the Immigration and Naturalization Service and others, who "babylifted" Vietnamese children from Vietnam during the waning hours of the fall of Saigon and brought the children to the United States improperly. 528 F.2d at 1196-97. Petitioner's case involves no such special circumstances. Importantly, the Supreme Court has never acknowledged that habeas corpus is an appropriate remedy for litigating federal constitutional claims arising from state child custody disputes, and reaffirmed the same in Lehman which squarely forecloses petitioner's claim in habeas that she was deprived of a liberty interest when her children assertedly were unlawfully removed and detained without due process. Lehman, 458 U.S. at 511.

Second, in any event, petitioner may not bring this action on behalf of her minor children without counsel. A representative "may sue or defend on behalf of a minor" and "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c). Assuming that petitioner is a legal guardian of her minor children, she cannot appear *pro se* on their behalf. This is because a non-lawyer "has no authority to appear as an attorney for others than himself." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)) (quotations omitted). "The issue of whether a parent can bring a pro se lawsuit on behalf of a minor 'falls squarely within the

ambit of the principles that militate against allowing non-lawyers to represent others in court.'" Johns, 114 F.3d at 877 (citation omitted).  Therefore, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."  Id.  If petitioner wishes to bring an action on behalf of her children, she must ensure that a proper representative sues on behalf of the minor children.  She must also obtain counsel to represent the minor children.

Petitioner has requested that the Court appoint counsel.  (Motion at 13).  Such request is denied.  This determination is based on the Court's evaluation of the likelihood of success on the merits and petitioner's ability to articulate her claims *pro se* in light of the complexity of the legal issues involved and on the Court's assessment that neither the Constitution nor the interests of justice warrant the appointment of counsel.  See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Third, as noted above, the power a habeas court has to enforce the right of personal liberty is the power to release a prisoner – it has no other power.  Douglas, 626 F.3d at 504.  A federal habeas court lacks the authority to revise or void a state court judgment; it can act only on the body of the petitioner.  Id. (citation omitted).  Even if the Court had habeas jurisdiction, and it does not, it would lack the authority to render the relief petitioner seeks (*i.e.*, releasing petitioner's children from "custody" ordered in the State Case).

"If the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); see also Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.") (footnote omitted); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. . . .").  For the reasons set forth above, it

plainly appears from the face of the Petition that the Court lacks federal habeas jurisdiction to consider the Petition, rendering the Petition and this action subject to dismissal.

Finally, the Court observes that petitioner appears to have submitted voluminous exhibits for the purpose of establishing certain factual or legal matters asserted in the Petition regarding the removal of her children. See, e.g., Memo at 2-6; Motion at 2. Such matters are not appropriate for judicial notice. See Fed. R. Evid. 201 (court may take judicial notice of a fact only if it "is not subject to reasonable dispute").

### III. ORDERS

IT IS THEREFORE ORDERED that: (1) the Petition and this action are dismissed without prejudice; (2) petitioner's request for the appointment of counsel is denied; and (3) petitioner's requests for judicial notice of her various exhibits are denied.

The Court concludes that a certificate of appealability is unwarranted in this case because petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determinations herein. Thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 8, 2019

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE